**In re The FRONTIER GROUP, LLC, Debtor.**

**No. 00–34189.**

United States Bankruptcy Court, E.D. Tennessee.

Dec. 20, 2000.

Walker & Walker, P.C., John A. Walker, Jr., Catherine P. Kligerman, Knoxville, Tennessee, for debtor.

Bailey, Roberts & Bailey, P.L.L.C., N. David Roberts, Jr., Knoxville, Tennessee, for Mary–Anne Marshall, M.D.

Ellen B. Vergos, United States Trustee, Patricia C. Foster, Howard H. Baker, Jr., United States Courthouse, Knoxville, Tennessee, for United States Trustee.

### MEMORANDUM ON DEBTOR'S MOTION TO SEAL LIST OF CREDITORS

RICHARD S. STAIR, Jr., Bankruptcy Judge.

Before the court is the Debtor's Motion to Seal List of Creditors (Motion) filed on December 6, 2000. By its Motion, the Debtor asks the court, pursuant to 11 U.S.C.A. § 107(b)(2) (West 1993), to place the Debtor's List of Creditors under seal due to the alleged confidential commercial information contained therein. The Debtor filed a Brief in Support of Motion to Seal List of Creditors on December 12, 2000. A hearing is set for December 21, 2000.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) (West 1993).

## I

Mary–Anne Marshall, M.D., an unsecured judgment creditor, filed an Involuntary Chapter 7 Petition against the Debtor on October 18, 2000. In its Amended Answer to Involuntary Petition filed on November 29, 2000, the Debtor avers, *inter alia*, that there are twelve or more holders of claims against it, thereby challenging Dr. Marshall's eligibility to file the petition.[1] The court then directed the Debtor, by Order entered November 30, 2000, to file a list of creditors as required by FED. R.BANKR.P. 1003(b).[2] The Debtor submit-

---

**1.** The filing of involuntary petitions is governed by 11 U.S.C.A. § 303 (West 1993). Section 303(b)(2) provides that a single holder of a non-contingent, non-disputed claim of at least $10,775.00 can file an involuntary case against a person *only if* there are fewer than 12 holders of non-contingent, non-disputed claims.

**2.** FEDERAL R. BANKR. P. 1003(b) provides in material part:

If the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file with the answer a list of all creditors with their addresses, a brief state-

ted its List of Creditors on December 6, 2000. Accompanying the List was the Motion presently before the court. On December 7, 2000, the court entered an Order scheduling a hearing on the Motion for December 21, 2000, and directing counsel for the Debtor to file a brief in support of the Motion by December 18, 2000. As noted, the brief was filed on December 12, 2000.

The Debtor identifies itself as an employment or brokerage agency that arranges for physicians to serve in the emergency rooms of various client hospitals. The Debtor asserts that its list of physicians is its primary asset.[3] Contained within the List of Creditors are the names of some or all of the doctors who contract with the Debtor. The Debtor submits that unless its creditor list is sealed, competitors will be able to view the list, identify its contracting physicians, and recruit those physicians away from the Debtor.

## II

■ Section 107(a) of the Bankruptcy Code provides for public access to bankruptcy court records. That section provides:

> Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C.A. § 107(a) (West 1993). Section 107(b), however, restricts the public access granted by § 107(a) directing in material part that "[o]n the request of a party in interest, the bankruptcy court shall ... protect an entity with respect to a trade

secret or confidential ... commercial information[.]" 11 U.S.C.A. § 107(b)(1). As "trade secrets" and "confidential commercial information" are separately enumerated in the statute, confidential commercial information need not rise to the level of a trade secret before it can be protected by § 107(b)(1). *See id.; see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 28 (2d Cir.1994); *In re Moses,* 171 B.R. 789, 796 (Bankr.E.D.Mich.1994).

In *In re Nunn,* 49 B.R. 963 (Bankr. E.D.Va.1985), the court permitted the sealing of a creditor's primary asset—its customer list—where allowing competitor access to the list would have an adverse effect on the creditor. *See id.* at 965. Emphasizing that dissemination of the customer list would detrimentally impact the creditor, NCE, the *Nunn* court stated:

> As a practical matter, NCE has no real asset except for this customer list. NCE is merely a broker that acts as a conduit for members seeking to exchange goods or services. To allow a competitor access to NCE's customer list would obviously have an adverse effect on NCE.

*Id.*

■ The mandatory language of § 107(b) requires a court to protect confidential commercial information. "Commercial information" has been defined as "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Orion Pictures,* 21 F.3d at 27 (quoting *Ad Hoc Protective Committee for 10 1/2% Debenture Holders*

---

ment of the nature of their claims, and the amounts thereof.

**3.** These facts are derived from the Debtor's Brief in Support of Motion to Seal List of Creditors filed on December 12, 2000. While an affidavit would have been the appropriate method of placing these facts in evidence in support of the Debtor's Motion, the court, given the non-adversarial nature of the Mo-

tion, will accept the statement of facts in the brief as accurate. *See* FED.R.CIV.P. 43(e), incorporated into FED.R.BANKR.P. 9017 ("When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.").

*v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)).

■ Based on the assertions contained in the Debtor's Motion and supporting brief, the court concludes that the physicians' names contained in the List of Creditors are "confidential commercial information" as contemplated by § 107(b)(1) and as defined by *Orion Pictures*. The Debtor's Motion to Seal List of Creditors will therefore be granted. An appropriate order will be entered.