**In re NORTHSTAR ENERGY, INC., Debtor.**

No. 03–62542.

United States Bankruptcy Court, E.D. Texas, Tyler Division.

Sept. 13, 2004.

---

Mark E. Andrews, Neligan, Tarpley, Andrews & Foley, LLP, Dallas, TX; and Patrick Kelley, Ireland, Carroll & Kelley, P.C., Tyler, TX, for Debtor and Debtor–in–Possession, Northstar Energy, Inc.

Jason R. Searcy, Jason R. Searcy, P.C., Longview, TX, for Official Committee of Unsecured Creditors.

Lisa Lambert, Office of United States Trustee, Tyler, TX, for William T. Neary, United States Trustee.

## MEMORANDUM OF DECISION

BILL G. PARKER, Chief Judge.

This matter is before the Court upon the "Motion of Debtor and Debtor–in–Possession for an Order Authorizing Debtor and Debtor–in–Possession to File a Confidential List of Investors" (the "Motion") filed by the Debtor, Northstar Energy, Inc. (the "Debtor"). The Motion essentially seeks a protective order to avoid disclosure of its list of investors which it deems to be confi-

dential information. The Motion was originally opposed by the Official Committee of Unsecured Creditors (the "Committee"), accompanied by a comment in opposition filed by the United States Trustee for the Eastern District of Texas. Prior to the scheduled hearing on this matter, the Debtor and the Committee reached an agreement regarding the Motion; however, the Court proceeded with the hearing in order to allow the United States Trustee to present any remaining objections it may have had to the Motion and to the proposed agreement. At the conclusion of the hearing, the Court took the matter under advisement. This memorandum of decision disposes of all issues pending before the Court.[1]

*Factual and Procedural Background*

The facts relevant to this contested matter are not in serious dispute. The Debtor, Northstar Energy, Inc., engages in the business of identifying prospective oil and gas properties for acquisition and development. Upon identifying such a prospect, the Debtor privately solicits financial support for that particular program from a confidential list of potential investors which it has developed over many years. Once a sufficient amount of investment is obtained, Northstar acquires record title to the oil and gas properties in its own name, but it claims to hold that legal title as trustee for the investors which it regards as the beneficial owners of the properties in that particular program.

It is unclear as to whether any of the investors in the Debtor's former or current programs hold any valid claims against the Debtor's estate. However, to date, those investors have not been formally notified of the Debtor's bankruptcy filing, although the Debtor claims that the existence of the bankruptcy has been disclosed in every program prospectus which has been produced since the date of filing. The Debtor brought the motion for authorization to notify the various investors of the bankruptcy filing through a process whereby the names and addresses of the various parties on the Debtor's investor list would remain confidential and be identified in the schedules, pleadings and in proofs of claim only through the use of the Northstar account numbers for those particular investors.[2] The Debtor asserts that its confidential investor list is in the nature of a trade secret and its disclosure would be devastating to its reorganization attempt since competing oil and gas promoters would be able to access such public information and solicit for their own competing investment programs the very investors which the Debtor believes are vital to its ongoing operations.

Under the pre-hearing agreement reached by the Debtor and the Committee, the identification of the investors would be furnished to the Committee under the terms of a confidentiality agreement from which the Committee could seek relief from the Court in the event that developing circumstances require the disclosure of the name of any particular investor. Following the Court's expression of concern regarding the consequences of such procedures, particularly upon the claims adjudication process, the Debtor and the Committee further modified their proposal at the hearing by providing for the termination of any confidentiality protection for

---

1. This Court has jurisdiction to consider the motion pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). The Court has the authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b).

2. The Debtor also seeks an extension of the claims bar date for the submission of proofs of claim by the investors.

any investor who ultimately submitted a proof of claim against the Estate.

Even as modified, the United States Trustee objects to the adoption of the confidentiality proposal. The Trustee claims that the proposed procedure conflicts with the general proposition that the bankruptcy case administration is designed to be an open process with a full disclosure of information. The Trustee also expresses concern that the procedure may unduly restrict the rights of the investors to participate in the case and to provide information to the bankruptcy process.

## Discussion

Section 107 of Title 11 provides, in relevant part, that:

(a) Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter con-

tained in a paper filed in a case under this title.

That statute is implemented through Fed. R. Bankr.P. 9018.[3] The protection of certain lists is also authorized under Fed. R. Bankr.P. 1007(j).[4]

■ As recognized in one decision, Section 107(b) is an exception to the common law right of public access to court records codified generally in § 107(a) of the Bankruptcy Code. The policy of open inspection . . . evidence[s] congress's strong desire to preserve the public's right of access to judicial records in a bankruptcy proceeding. . . . To some extent, § 107(a)'s directive for open access flows from the nature of the bankruptcy process—which is heavily dependent upon creditor participation, and which requires full financial disclosure of debtor's affairs. *In re Barney's Inc.*, 201 B.R. 703, 707 (Bankr.S.D.N.Y.1996) (citations and internal quotations omitted). However, "the Bankruptcy Code . . . also recognizes that the public right to access is not absolute." *In re Georgetown Steel Co., LLC*, 306 B.R. 542, 546 (Bankr.D.S.C.2004) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978)). In fact, § 107(b) *mandates* the protection of certain types of information, including "confidential commercial information." Such commercial information

---

3. Fed. R. Bankr.P. 9018 states:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may

move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

4. Fed. R. Bankr.P. 1007(j) provides that:

On motion of a party in interest and for cause shown the court may direct the impounding of the lists [of creditors and security holders] filed under this rule, and may refuse to permit inspection by any entity. The court may permit inspection or use of the lists, however, by any party in interest on terms prescribed by the court.

is defined as that "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir.1994) (citations omitted). It is designed to protect "business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr.S.D.N.Y.2003). A bankruptcy court is required to seal "documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *In re Barney's Inc.*, 201 B.R. at 708–09. Thus, bankruptcy courts pursuant to § 107(b): have precluded public disclosure of timelines for the required sale of the debtor's assets under a DIP financing agreement;[5] have protected the identification of key employees and the specific amounts proposed to be paid to retain them as employees of the debtor;[6] and have sealed certain financial projections and proposed distribution allocations to creditors contained in a draft of a plan of reorganization provided to a committee.[7]

In the reported decision most similar to one at bar, a company which engaged in the business of procuring and assigning physicians to temporary positions in the emergency rooms of client hospitals, in attempting to present a defense to an involuntary petition, sought to show that it had more than twelve creditors so as to preclude the filing of the involuntary petition by only one creditor. However, the alleged debtor asserted that its list of physicians which it had procured and developed was its most valuable asset and that, unless the list was protected from public disclosure, competitors would be able to identify the contracting physicians and recruit them away from the company. In sealing the list under § 107(b), the court in *In re The Frontier Group, LLC*, 256 B.R. 771 (Bankr.E.D.Tenn.2000) did not articulate any heightened necessity for protection because the company had not yet been adjudged a debtor. Instead, it utilized a straight § 107(b) analysis in concluding that the unique role of the physician list in the format of the debtor's business was sufficient grounds to constitute confidential commercial information entitled to protection under § 107(b)(1). Similarly, protection under § 107(b)(1) was granted in *In re Nunn*, 49 B.R. 963 (Bankr.E.D.Va.1985) to a *creditor* whose trade exchange client list was its only real asset, the disclosure of which to its competitors would create an obviously adverse effect on its business.

In the present circumstance, the Debtor and the Committee have demonstrated to the Court's satisfaction the necessity for the relief sought through their amended proposal. This Debtor has a rather unique niche in the oil and gas business. Its investor procurement functions are crucial to its business plan, but those functions would be severely jeopardized by the unrestricted publication of its investor list which would likely be utilized by competing promoters to the detriment of the Debtor and those creditors whose claims the Debtor is attempting to address in this proceeding. Such disclosure would expose the heart and soul of the commer-

5. *In re Farmland Indus., Inc.*, 290 B.R. 364 (Bankr.W.D.Mo.2003).

6. *In re Georgetown Steel Co., LLC*, 306 B.R. 542 (Bankr.D.S.C.2004).

7. *In re Lomas Financial Corp.*, No. 90 Civ. 7827(LLS), 1991 WL 21231 at *1 (S.D.N.Y. February 11, 1991).

cial operations of this Debtor. Section 107(b) offers its protections for this very circumstance in order that such situated debtors need not face a Hopson's choice between the involuntary disclosure of vital business information as the *quid pro quo* of obtaining bankruptcy relief or exposure to economic hardships without the availability of bankruptcy relief in order to preserve the proprietary information upon which its business is based.

However, in order to insure that the protection provided is particularly crafted for the circumstances presented, the Court will further modify the provisions of the protective order to eliminate any prohibition against the election of any investor to reveal his/her/its own identity. Further, the provision authorizing the Committee to seek from the Court relief from the terms of the protective order shall be extended to any party-in-interest upon proper motion and notice, applying twenty-day negative notice language. In the opinion of the Court, such a revised proposal strikes an appropriate balance between the recognition of the unique business operations of the Debtor and the need for an open bankruptcy process. It offers the protection necessary to safeguard the viability of the Debtor's business while insuring the ability of individual investors to participate in the bankruptcy case to the fullest degree if they so choose. It also insures the ability of other creditors to identify and to investigate the claims of any investors who present competing claims for distribution under any proposed plan of reorganization and it provides an avenue by which information relevant to any preference or fraudulent transfer analysis may be gained.

Thus, the Court concludes that the Motion of Debtor and Debtor–in–Possession for an Order Authorizing Debtor and Debtor–in–Possession to File a Confiden-

tial List of Investors filed by the Debtor, Northstar Energy, Inc., should be granted in part and denied in part, such that the relief sought is **GRANTED** under the following guidelines:

(1) the Debtor shall file under seal with the Court a complete list of investors identified by name, address, and the unique identification number by which the Debtor will reference each particular investor;

(2) the Debtor shall provide that complete list of investors to the counsel for the Official Committee of Unsecured Creditors upon the condition that a confidentiality agreement is executed by such counsel, and Committee counsel shall have the opportunity to take discovery, if necessary, of any of the investors in connection with any pending matter before the Court;

(3) any party-in-interest shall have the right to request the complete list of investors from the Debtor under the terms of the same confidentiality agreement utilized with Committee counsel and, if such request is refused by the Debtor, such party shall have the right to seek such authority from the Court upon proper motion and notice, applying twenty-day negative notice language;

(4) in the absence of relief sought and granted under ¶ 6 of this Order, no party-in-interest to whom the complete list of investors has been supplied by the Debtor under the terms of the confidentiality agreement shall disclose in any manner the name or address of any investor;

(5) in the absence of relief sought and granted under ¶ 6 of this Order, all documents filed in this bankruptcy case, including discovery, pertaining to any investor shall not identify such investor by name or address, but solely by the unique identification number assigned to each investor by the Debtor;

(6) any party-in-interest to whom the complete list of investors has been supplied by the Debtor under the terms of the confidentiality agreement may petition the Court for relief from the terms of the confidentiality agreement, in whole or in part, in the event that circumstances require the disclosure of the name of any particular investor in connection with any pending matter before the Court;

(7) the terms of this Order shall not prohibit any investor from revealing his/her/its own identity for any purpose in this bankruptcy proceeding;

(8) each investor shall be given notice of this bankruptcy case pursuant to the form attached to the Order as "Exhibit A";

(9) should any investor seek to file a claim in this case, the use of an identification number in lieu of an actual name and address shall not be permitted and such claim must substantially conform to the requirements of a claim as set forth in the Bankruptcy Code, the Federal and Local Rules of Bankruptcy Procedure, and any applicable Official Form; and

(10) the bar date for the filing of investor claims in this bankruptcy case is hereby extended to Friday, October 29, 2004.

All other relief requested in the Debtor's Motion is denied. This memorandum of decision constitutes the Court's findings of fact and conclusions of law [8] pursuant to FED.R.CIV.P. 52, as incorporated into contested matters in bankruptcy cases by FED. R. BANKR.P. 7052 and 9014. A separate order will be entered which is consistent with this opinion.

---

8. To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.